PHILO M. EVERETT v. CITY OF MARQUETTE ET AL.

*Abatement of nuisance—Basement stairway on street.*

1. A basement staircase opening in a sidewalk is not per se a nuisance; and permission from the municipal council to make one would itself rebut any presumption that it was.

2. A municipal council can institute proceedings for the abatement of a sidewalk opening as a public nuisance, but it cannot decide that it is so, as that is a question to be tried on proper accusation in court, the maintenance of a nuisance being a public offense.

3. Revocation of a license to appropriate part of a street to private use does not immediately make the licensee a wrong-doer.

4. Injunction lies to restrain a city from destroying a structure as a nuisance before it has been condemned as illegal.

Appeal from Marquette. (Williams, J.) April 15.— April 23.

INJUNCTION bill. Defendant city appeals. Affirmed

*D. H. Ball* for complainant.

*F. O. Clark* for defendants. A city cannot, unless it has express authority, lease any portion of a street to be used for a purpose destructive of the ends for which it was originally dedicated: *Cooper v. Alden* Har. Ch. 72; *Milhau v. Sharp* 17 Barb. 435; 28 Barb. 228; 27 N. Y. 611; *Barclay v. Howell's Lessee* 6 Pet. 507; *People v. Albany* 11 Wend. 544; *Oakley v. Trustees* 6 Paige 262; 1 Dill. Mun. Cor. § 89; 2 id. § 695; charters are construed strictly, and corporations must show legislative authority for the powers they assume to exercise: *Dunham v. Rochester* 5 Cow. 465; a municipal corporation cannot divert public property from the purpose for which it is intended: *Jacksonville v. Jacksonville R. R. Co.* 67 Ill. 544; *Carter v. Chicago* 57 Ill. 283; *Le Clercq v. Gallipolis* 7 Ohio 354; *Cincinnati v. White* 6 Pet. 431; *Watertown v. Cowen* 4 Paige 510; owners of abutting lots can have no right to the possession of the street or any part of it: *Jeffersonville &c. R. R. Co. v. Esterle* 13 Bush 667; a flight of stairs within the limits of Woodward avenue, Detroit,

cannot be authorized by the city authorities: *People v. Carpenter* 1 Mich. 273.

COOLEY, C. J. Complainant, in the year 1868, erected a brick block on the corner of Main and Front streets in Marquette village, and obtained the permission of the common council to make openings in the sidewalks for the purposes of stairways to the basement story. The consent was given by a vote of the common council in response to his petition. The stairways were constructed, and have been in use ever since, with proper railings for the protection of those using the sidewalks, and they add largely to the value of the building. After the construction of the block Marquette was incorporated as a city. In September, 1878, the city council directed the stairways to be removed as illegal, and the openings in the sidewalks to be closed, and the complainant filed this bill to enjoin their action. The circuit court, on hearing on pleadings and proofs, awarded a perpetual injunction, and the city appeals from the decree.

It is contended, on behalf of the city, that the village common council had no power to give permission for the permanent appropriation of any portion of one of the public streets for private purposes, and that if it had had the power it could have exercised it effectively only by means of a grant, duly executed, and with certainty of description as to the privilege granted. It is further said that the permission, under which the complainant has been appropriating a portion of the public street for many years, has been largely valuable to him, and it is therefore ungracious and inequitable for him to endeavor to make the appropriation perpetual, as against the will of the city, when, in the opinion of the city council, it has become a public grievance.

But it is not necessary in this case to determine whether the permission given by the village council was in due form for the purposes of a permanent appropriation, or even whether the council had the power to consent to such an appropriation. It is undoubted that the council had general control of the streets under the village charter; and it was a part of its duty to prevent the creation of any public nuisance within them.

It is not to be assumed that consent would have been given to such a nuisance, and when, by formal resolution the council assumed to give permission to complainant to make the openings and build the stairways complained of, it must have been done in the belief that no public inconvenience would follow  If the permission was effectual for no other purpose, it at least rebutted any presumption which might otherwise have existed, that this partial appropriation of the street was per se a nuisance.

If the permission was a mere license, and the subsequent action of the city council is to be regarded as a revocation of the license, it does not follow that the plaintiff has by the revocation immediately been converted into a wrong-doer. The question will then be whether the act of the complainant in maintaining his structures constitutes a public nuisance; and while the city council is entitled, under its supervisory control of the public streets, to consider and pass upon that question for the purpose of deciding upon the institution of legal proceedings for abatement, it cannot make itself the judge. Maintaining a nuisance is a public offense; and the fact, as in other cases of alleged criminality, is to be tried on proper accusation and in the regular courts. The mere fact that the party makes use of some part of a public street for his private purposes does not make out the public offense. This was decided in *People v. Carpenter* 1 Mich. 273, and has never been doubted in this State.

The city in this case was proceeding in an act of destruction on an assumption that the structures were already condemned as illegal. This was unwarranted, and it was quite right that the action should be restrained.

The decree must be affirmed with costs.

The other Justices concurred.