### IN THE

# APPELLATE COURTS OF ILLINOIS.

## First District—March Term, 1899.

87   17
s186s219

87   17
104 ᶜ 24

## Chicago General Ry. Co. v. Chicago City Ry. Co.

1. PLEADING—*Rule of Construction.*—A pleading is to be construed most strongly against the pleader.

2. EASEMENTS—*Authorized by the State Can Not be Public Nuisances.*—Where a public easement has been authorized by the State, no action can be maintained on the assumption that it is a public nuisance, for that can not be a public nuisance which the State assents to and authorizes.

3. NUISANCES—*Obstruction of Highways.*—Any unreasonable obstruction of a highway is a public nuisance; but where a street car company occupies streets with its tracks and cars rightfully and lawfully, the mere change in the motive power of the cars and the operation of three cars at a time instead of one, and at a higher rate of speed than they can be operated by animal power, will not be such an unreasonable obstruction of the street as to constitute a nuisance.

4. CORPORATIONS—*Responsibility for Wrongs Committed or Authorized.*—Corporations are responsible for the wrongs committed or authorized by them under substantially the same rules which govern the responsibility of natural persons.

5. SAME—*Liability for Acts Ultra Vires.*—If an act of a corporation is *ultra vires* and creates a public nuisance, it is liable for such injuries as result from the *ultra vires* act.

6. SAME—*When Ultra Vires Affords no Defense.*—Corporations can not shield themselves for a tort committed in the prosecution of their business by a claim that the acts were *ultra vires.* The doctrine of *ultra vires* has no application in such cases and affords no defense.

7. SAME—*Ultra Vires of no Advantage to the Plaintiff.*—A plaintiff can be allowed no advantage in a suit against a corporation for an injury

caused by its own *ultra vires* act, simply because the act is *ultra vires*, when the act in question is not prohibited by positive law, or is a nuisance or a crime.

8. SAME—*By Whom the Doctrine of Ultra Vires Can Be Invoked.*— The charter of an incorporated company is not a contract between the corporate body, on the one hand, and the individual whose rights and interests may be affected by the exercise of its powers on the other. It is a compact between the corporation and the government, from which it derives its powers, and individuals can not insist on breaches of the contract of incorporation as a ground for resisting the exercise of its powers. That can be done only by the government, and in proceedings duly instituted against the corporation.

**Appeal** from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed February 5, 1900.

GLENN E. PLUMB, attorney for appellant.

The appellee's charter forbids it to operate its cars in this State by any other than animal power. People v. Pullman Palace Car Co., 175 Ill. at 136; Commonwealth v. Erie & N. E. Ry. Co., 27 Pa. St. 339; Indianapolis Cable St. Ry. v. Citizens St. Ry. Co., 8 L. R. A. 548; People v. Newton, 3 L. R. A. 174, 48 Hun, 477; Denver & Swansea Ry. Co. v. Denver City Ry. Co., 2 Colo. 673; Farrell v. Winchester Ave. Ry. Co., 61 Conn. 127; 3 Am. El. Cas. 85; North Chicago City Ry. Co. v. Lake View, 105 Ill. 207.

The operation of cable trains in a public highway by a corporation not authorized by its charter to so occupy the highway constitutes a nuisance. Starr & Curtis Rev. St., Ch. 38, par. 369, Sec 5; Shearman & Redfield on Neg. (5th Ed.), Vol. 1, Sec. 365; Gen. El. Ry. Co. v. Chicago & W. I.` Ry. Co., 84 Ill. App. 640; Denver & S. Ry. Co. v. Denver City Ry. Co., 2 Colo. 673; North Chicago City Ry. v. Lake View, 105 Ill. 183; Congreve v. Smith, 18 N. Y. 79; Renwick v. Morris, 3 Hill, 621; affirmed 7 Hill, 575; Dygert v. Schenck, 23 Wend. 446; Weick v. Lander, 75 Ill. 96; Commonwealth v. Erie & N. E. Ry. Co., 27 Pa. St. 339; Louisville, etc., Ry. Co. v. Smith, 91 Ind. 119.

One who sustains a special injury because of the existence or maintenance of such a nuisance in a street can recover his damages from the person maintaining or creating

the nuisance. Shearman & Redfield on Neg., Sec. 365, *supra;* Farmers' Co-operative Mfg. Co. v. Albemarle & Raleigh Ry. Co., 29 L. R. A. 700; Lincoln Rapid Transit Co. v. Nichols, 37 Neb. 332.

E. R. Bliss, attorney for appellee.

The authority of appellee to operate its cars by means of cable power can not be assailed or questioned in a collateral proceeding. The question can only be raised in a direct proceeding, instituted by the proper authorities against the corporation for that purpose. C. & E. I. R. R. Co. v. Wright, 153 Ill. 307; Rice v. R. I. & Alton R. R. Co., 21 Ill. 94; Patterson v. C., D. & V. R. R. Co., 75 Ill. 588; Atty. Gen. v. C. & E. R. R. Co., 112 Ill. 520; Phelps v. Lake St. Elevated R. R. Co., 60 Ill. App. 471; Cook Co. v. Great West. R. R. Co., 119 Ill. 218; Kansas City H. R. R. Co. v. Hovelman, 14 Am. & Eng. R. R. Cases, 20, page 17; Logan v. Vernon R. R. Co., 14 Id. 43.

The mere unauthorized change of motive power from animal power to cable would not constitute a public nuisance. The law concerning encroachments upon highways for other purposes than furnishing additional facilities for travel is not applicable. Phelps v. Lake St. Elevated R. R. Co., 60 Ill. App. 471.

The alleged unauthorized use of cable power does not appear to have been the proximate cause of the injury complained of. There must be the direct relation of cause and effect. T., W. & W. R. Co. v. Jones, 76 Ill. 311; P., P. & J. R. R. Co. v. Siltman, 67 Id. 72; C., B. & Q. R. R. Co. v. Dvorak, 7 Ill. App. 555; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

Statement by the Court.—This is an action on the case by appellant against appellee to recover damages by reason of a collision occurring at the crossing of appellant's and appellee's railway tracks at State and Twenty-second streets, Chicago, resulting in injury to appellant's car.

The declaration consists of five counts, in the first of

which it is alleged that on October 15, 1897, appellant was operating its electric car upon its tracks on Twenty-second street, at a crossing of Twenty-second street at State street, by virtue of an ordinance of the city, on which latter street appellee was possessed of a certain railway, with certain cars operated thereon; that appellee " was then and there operating its said railway cars in and along State street under and by virtue of an ordinance of the city of Chicago;" that said ordinance provided that " the cars to be used upon said tracks shall be operated with animal power only;" that the ordinance was by act of the general assembly incorporated into and made a part of appellee's charter, which limits appellee to the operation of its cars by animal power only; that appellee, in violation of its charter, was then and there operating its cars upon and along State street by means of an underground cable propelled by certain steam engines of great power, which drove said cable at a high rate of speed, to wit, twenty miles per hour; and that while appellant, with all due care and diligence, was operating its car aforesaid, appellee, by its servants, because of the unlawful manner by which it was driving and operating said cars on its said railway, and because appellee was unlawfully operating its said cars by steam-driven cables, instead of animal power only, the appellee improperly, carelessly, negligently and unlawfully drove and managed its cars so that its said cars then and there ran and struck with great force, etc., against appellant's car, thus causing the injury complained of.

The remaining counts of the declaration are in substance and effect the same as the first count, all alleging that appellee operated its railway tracks by virtue of an ordinance of the city of Chicago, which, it was alleged, allowed appellee to use animal power only, but that in violation of its charter, it operated its cars by an underground cable propelled by steam power, and that the injury complained of was caused by reason of the alleged unlawful manner in which the cars were operated by a steam-driven cable instead of by animal power. The second count alleges that a train of three cars

was operated by the cable, and that this was greatly in excess of the weight of a car operated by animal power only, and that the momentum of the same was greatly in excess of the momentum of a car operated by animal power only. The third count sets up, in addition to the other allegations of the first count, a contract between appellant and appellee binding appellee to pay for any injury or damage which might be caused by the negligence of appellee, or its employes, by the operation of its cars at said crossing, and a further provision that the contract should not be held to release either party from the performance of every duty and obligation imposed upon it by the laws of the State and the ordinances of the city. The fourth count sets out *in haec verba* the ordinance under which it was alleged the appellee was given authority to construct its railway, and which it was alleged was made a part of its charter. This count also contains the same allegations, in substance, as to the excess of weight of appellee's train, as operated by cable power, and excess of momentum of such train over that of a car operated by animal power which is contained in the second count. Negligence on the part of appellee is not made the gist of the action in any of the counts.

Appellee demurred generally and specially to each and all of the counts, which was sustained by the court, and appellant electing to stand by its declaration, a judgment was entered for the defendant, the appellee here, from which this appeal is taken.

Mr. Justice Windes delivered the opinion of the court.

We have not set out the special causes of demurrer assigned, for the reason that after consideration of the same we are of opinion they are not well taken, and to refer to them in detail would unnecessarily extend this opinion.

The principal question presented for consideration is upon the general demurrer. Appellant's counsel, in his brief, says that the theory of the declaration is that appellee, "under the provisions of its charter, is authorized to operate its cars in State street by 'animal power only,' and that

in violation of this restriction in its charter it was at the time of the accident operating its said railway by means of steam-driven cables, and that because of the operation of its railway in this manner the collision occurred, whereby the appellant suffered the damages alleged by it in its said declaration." In his reply brief he also says, " we are seeking to recover damages for the destruction of our car by means of the unlawful use of cable power," and that appellant can not complain that appellee operates its cars " unless they ran into us or in some way caused us special injury;" and that appellant is not seeking to prevent appellee from operating its cars nor to have a forfeiture of its charter declared, but that " we are seeking to recover damages which we have suffered because of certain acts of appellee which we allege are unlawful."

In other words, the question presented may be stated thus : Can appellant, in this action, recover damages without any allegation that appellee was negligent, upon the simple allegation that in the operation of its cars, under and by virtue of its charter from the State and ordinance of the city, it has exceeded its charter powers by using cable instead of animal power, by reason of which the injury complained of was caused, while appellant was in the exercise of due care?

The principal contention of appellant's counsel seems to be that the matters alleged in the declaration show that appellee is guilty of a nuisance in the public street, and that because of such nuisance it is liable for any damage which may result therefrom, without reference to whether it was negligent or not.

It is elementary that a pleading is to be construed most strongly against the pleader. The declaration shows, in effect, by each of the counts, that appellee's tracks were laid and its cars are operated under and by virtue of its charter from the State and an ordinance of the city. The tracks are therefore laid in the street and the cars are operated thereon rightfully and lawfully.

In C. & E. I. R. R. Co. v. Loeb, 118 Ill. 211, the court say: " A railroad track laid upon a street of a city by authority

of law, properly constructed, and operated in a skillful and careful manner, is not, in law, a nuisance." There is no allegation that appellee's tracks were not properly constructed nor that its cars were not operated in a skillful and careful manner.

In Cooley on Torts, p. 732, the author says that where a public easement has been authorized by the State, " no action can be maintained on the assumption that what is thus allowed is a public nuisance, for that can not be a public nuisance that the State assents to and authorizes. It would be a contradiction in terms to say that the State assents to a certain act, and yet that the act constitutes an offense against the State." This statement of the law is supported, among other authorities by the following: Commonwealth v. Reed, 34 Pa. St. 275; Danville, etc., R. R. Co. v. Commonwealth, 73 Pa. St. 29, in which latter case it is said, " a work which is authorized by law can not be a nuisance;" and People v. Gas Co., 64 Barb. 55–70; Everett v. City, 53 Mich. 450.

It is not alleged in the declaration that the operation of appellee's cars in the street by cable power make a nuisance, nor are there any facts alleged from which it may be said, if proven, they show, as matter of law, that appellee was guilty of a nuisance.

In Wood on Nuisances, Sec. 248, the author says, " Any unreasonable obstruction of a highway is a public nuisance," but that what the extent of the obstruction must be in order to create a nuisance is not definitely settled by the cases. From a somewhat extensive examination of cases we think the statement of the author is correct.

We are inclined to the opinion that, the declaration showing, as it does, that appellee occupied the street with its tracks and cars rightfully and lawfully, the mere change in the motive power of the cars, and the operation of three cars at a time instead of one, and at a higher rate of speed than they could be operated by animal power, would not be such an unreasonable obstruction of the street as to constitute a nuisance.

The law seems well settled that "corporations are responsible for the wrongs committed or authorized by them under substantially the same rules which govern the responsibility of natural persons." Cooley on Torts (2d Ed.), 136; Darsey Mch. Co. v. McCaffrey, 139 Ind. 545–51; R. R. & Bk'g Co. v. Smith, 76 Ala. 572–82; State v. R. R. Co., 23 N. J. L. 368; Nims v. Mt. Hermon Boys' School, 160 Mass. 177; Denver, etc., Ry. v. Harris, 122 U. S. 608.

And in the case of a tort it is held in the McCaffrey and Smith cases, *supra*, and Hussey v. R. R. Co., 98 N. C. 41, the doctrine of *ultra vires* has no application. The question as to whether the corporation is liable or not, must be determined independent of. the fact as to whether the act complained of is *ultra vires* or not. There are cases to be found in the books, some of which are cited by appellant's counsel, which hold a different rule as to *ultra vires* acts, notably, Jones v. Ry. Co., 3 L. R. (Q. B.), 733–6; Mo. Packet Co. v. R. R. Co., 79 Mo. 479–90; Thomson v. Penn. Co., 51 N. J. L. Rep. 42; but we think they are not sustained either by reason or the weight of authority. It seems unreasonable and unjust to hold that a corporation should be mulcted in damages for the doing of an act simply because it is *ultra vires*, when, if the same act were done by a natural person there would be no liability. It certainly can not be maintained that a teamster, who has a perfect right to drive his wagon on the public streets, would be liable for damages, without regard to his negligence, if he hitched together three wagons, one after the other, and propelled them along the streets by some unseen power at a high rate of speed, and by so doing caused an injury, unless he so obstructed the street as to create a nuisance. If an individual would not be liable under these circumstances, there seems to us no good reason, either in law or morals, why appellee should. be liable .under the allegations of appellant's declaration.

It is no doubt the law that if the act of a corporation is *ultra vires*, and such that it creates a public nuisance, then it is liable for such injuries as may result from the *ultra*

*vires* act. Wood on Nuisances, Sec. 300; Salt Lake City v. Hollister, 118 U. S. 256-61; R. R. Co. v. Alexander, 66 Miss. 496; Hussey v. R. R. Co., 98 N. C. 34-41; Nims v. Mt. H. B. School, 160 Mass. 177-80.

No doubt, upon the doctrine just stated, the courts have proceeded in the cases in which it is held that corporations are liable for *ultra vires* acts simply because they are *ultra vires*, but in none of the cases which we have seen does it appear that the right of the party injured to raise the question of *ultra vires* was made.

If, however, we are wrong in holding as we do, that plaintiff has not alleged such facts as show that appellee is guilty of a nuisance in the operation of its cars by cable instead of animal power, and that the appellant's declaration, when fairly construed, shows that appellee has exceeded its charter powers in propelling its cars by cable, and that such act constitutes a nuisance by obstructing the street, for which it is liable for any injuries caused thereby, without reference to the question of negligence, still the question as to whether appellee has exceeded its charter powers can not, in our opinion, avail appellant in this action but can only be taken advantage of by the State or the city, in a direct proceeding against appellee.

In Pres. and Trustees v. Thompson, 20 Ill. 197, it was held that the power of a corporation, acting as such, can not be questioned collaterally on the ground that it has not complied with its charter. The case was debt for a penalty for selling liquors by the president and trustees of a town. In Rice v. R. R., 21 Ill. 93, it was said that if a corporation "has usurped franchises not granted by the statute, that should more properly be inquired into by a direct proceeding to seize the franchises to the people and dissolve the corporation," and held that the corporation should not be compelled in every suit it might bring to show that its organization was formal and proper. The doctrine of these cases is repeated and reaffirmed in Tarbell v. Page, 24 Ill. 46, Renwick v. Hall, 84 Ill. 162, and People v. Trustees, 111 Ill. 172, which last case was mandamus to compel

school trustees to appoint appraisers to value school property, and it was held that the organization of a corporation, acting as such, and exercising the franchises of a school district, could not be attacked in such a proceeding.

In Alexander v. Tolleston Club, 110 Ill. 65-72, where the question was as to the power of a corporation to hold real estate under its charter, it was held that as the corporation might, for some purposes, hold title to real estate, its right in that regard could only be questioned by a direct proceeding in behalf of the State; and that it made no difference whether the matter of *ultra vires* was interposed for or against the corporation. The doctrine is again asserted in Barnes v. Suddard, 117 Ill. 243, where the question was as to whether the corporation had exceeded its powers in taking title to real estate, and it was said that this was a question that did not concern a third party, but only the corporation and the State. The same question was again before the Supreme Court in Hamsher v. Hamsher, 132 Ill. 286, and it was held that the question could not be raised by any party except the State. Numerous cases in other jurisdictions, where the question arose on matters *ex contractu*, are to the same effect. Ragan v. McElroy, 98 Mo. 349; Bank v. Merchants Bk., 10 Mo. 84; Grant v. Coal Co., 80 Pa. St. 209; Pixley v. Navgn. Co., 75 Va. 320-4; and Lumber Co. v. Ward, 30 W. Va. 43-9, are only a few of such cases.

There are also numerous cases that corporations can not shield themselves for a tort committed in the prosecution of their business by a claim that the acts were *ultra vires*. The doctrine of *ultra vires* has no application in such cases and affords no defense. 3 Wood on Railroads, 1612.

This is right and as it should be; the plaintiff too should be allowed no advantage in a suit against a corporation; for an injury caused by its *ultra vires* act, simply because the act is *ultra vires*, when the act is not prohibited by positive law, or is a nuisance or a crime.

We see no reason why the holdings in the cases above cited, where the question arose collaterally as to the excess

or usurpation of corporate powers, in the cases of taking title to real estate and in matters *ex contractu*, should not be applied in actions for tort based solely upon an excess of corporate power.

There is, however, authority more nearly in point than any of the cases above noted. In the case of Williams v. Citizens Ry. Co., 130 Ind. 71, certain house movers were restrained from moving a house across and along a street electric railroad, because it would necessitate cutting the railway company's wire and stop its cars. It was claimed that the railway company had no lawful right to use electricity as a motive power for propelling its cars, and therefore the injunction should not have issued, and it was held that, although this might be true, the house movers could not raise the question; that inasmuch as the railway company assumed, under color of law and claim of right, to exercise its corporate functions, only the State could raise the question as to the validity of such assumption and exercise of such functions and rights, and an individual could not successfully assail them in a collateral proceeding. The court say:

" It would violate the plainest principles of law to permit an individual citizen to confiscate or destroy the property of a corporation which has assumed to exercise rights under the laws of the State and to which the officers of a governmental subdivision have given recognition by granting to it the right to use the streets of a city."

In Hine v. Ry. Co., 73 N. W. Rep. 116–18 (Mich.), which was an action against the company to recover for injuries caused by it to a child on the street, it was claimed that the company was liable because it had no right to use electricity. The court say:

" We do not think this question can be raised in this proceeding. The fact was made to appear that the company did operate its cars by electricity, and for the purpose of this case the trial must proceed as though it had the right to do so. If the street railway company is operating its road contrary to the terms of its franchise, the question could undoubtedly be raised by the city in a proper proceeding, but we do not think the question is involved in this issue."

In the Pixley case, *supra*, the court gives the reasons why an excess of corporate power can not be taken advantage of in a collateral suit, which reasons seem equally pertinent in an action *ex delicto*. The court say:

"It (the charter) is not a contract between the corporate body on the one hand, and individuals whose rights and interests may be affected by the exercise of its powers on the other. It is a compact between the corporation and the government, from which they derive their powers. Individuals, therefore, can not take it upon themselves, in the assertion of private rights, to insist on breaches of the contract of the corporation as a ground for resisting or denying the exercise of a corporate power. That can be done only by the government, with which the contract was made, and in proceedings duly instituted against the corporation."

If appellant can in this case raise the question as to the right of appellee to operate its cars by cable power, then every other corporation or person who may claim to be injured or be aggrieved by the method of operation of appellee's cars may make the same claim, and thus compel the appellee over and over again to litigate this question as to whether it has exceeded its charter powers, which would be purely collateral and incidental to the right of recovery in every such suit. And even if it had a perfect right, under its charter, to use cable power, it would still have to make its defense until the State or city authorities could be prevailed upon to bring a direct proceeding and thus settle the question. We are of opinion that it would be unreasonable to allow such collateral attack upon appellee's franchise, and therefore think that the demurrer to appellant's declaration was properly sustained. The judgment is affirmed.

MR. JUSTICE ADAMS, concurring.

Appellant seeks to recover by usurping the province of the State, in questioning the right of appellee, an acting corporation, to operate its cars by steam-driven cable. I am of opinion that this can not be done in a private action.

MR. PRESIDING JUSTICE SEARS.

I do not concur in the assertion that the decisions in

Jones v. Ry. Co., 3 L. R. (Q. B.) 733, and Thompson v. Penn. Co., 22 Vroom, 42, are lacking in reason or authority to sustain them. I am of opinion that the only ground upon which the sustaining of the demurrer in this case can be justified, is because it appears from allegations in each count of the declaration that the appellee company, in the doing of the acts complained of, "was operating its trains under and by virtue of an ordinance of the city of Chicago."

The question of whether the act thus said to have been done under color of right, was in fact in abuse of its franchise, can not be raised collaterally and in this proceeding.