ELIZABETH COLSTON et vir, Respondents, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, April 25, 1904.

MUNICIPAL CORPORATIONS: Grading Streets: Cutting Shade Trees: Instructions. An instruction telling the jury that an abutting lotowner can not recover for trees wholly or partially in the street and not at the curb line, but so located as to obstruct the travel and use of the street is approved.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

REVERSED AND REMANDED (*with directions*).

*James M. Wilson*, City Counselor, and *G. L. Zwick*, Assistant City Counselor, for appellant.

(1)   The court erred in sustaining plaintiffs' motion for a new trial. Defendant's instruction No. 3 stated the law correctly and under the facts in the case was very favorable to plaintiff. The instruction told the jury that if the trees were wholly or partly in the street and located so as to obstruct travel unless removed, plaintiff could not recover damages for them. 15 Am. and Eng. Ency. Law (2 Ed.), 416; Gamble v. Pettijohn, 116 Mo. 375; 2 Smith on Mun. Corp., sec. 1311.

*Benjamin J. Woodson* for respondent.

(1)   It is expressly decided that respondent, in an action of this kind, can recover if the destruction of shade trees along the sidewalk is an element of damage resulting to her property. Walker v. Sedalia, 74 Mo.

App. 70; Brown v. Webster City, 88 N. W. 1070; Richardson v. Webster City, 82 N. W. 920; 2 Dillon's Mun. Corp. (4 Ed.), note to section 663, pp. 790 and 791 and cases cited. (2) Respondent is entitled to recover on the pleadings in evidence in this cause. Walker v. Sedalia, 74 Mo. App. 70; Sheehey v. Railway, 94 Mo. 574. (3) Respondent is entitled to recover in this case for grading part of the street in 1902. She did not petition to have it graded. Strickford v. St. Louis, 7 Mo. App. 217, affirmed in 75 Mo. 309; Mitchell v. St. Louis, 14 Mo. App. 600; Gibson v. Owens, 115 Mo. 258; R. S. 1899, sec. 5665.

BROADDUS, J.—The defendant city graded a certain street in front of plaintiff's property and while so doing left an embankment several feet in height and cut down four shade trees that were growing near her line. There was a petition filed, in which plaintiff joined, asking that the street be graded. The city council made the necessary order and the street was graded with the exception of a strip of about six feet next to the line of plaintiff's lot. Afterwards, another ordinance was passed by the council providing for the grading of the entire street. Under this last order the said six feet was graded and the four shade trees were cut down and removed. After the first grading the plaintiff built a retaining wall on the outside line of the said six feet of ground under the belief that she was the owner thereof. This wall was torn down and also removed by the defendant. The shade trees in question although standing in the street, penetrated plaintiff's land with their roots.

Under the instruction of the court the jury returned a verdict for defendant. The plaintiff filed a motion for a new trial, assigning as a reason therefor, among others, that the court committed error in giving instruction number three at the request of defendant. The court granted a new trial solely on the ground of error

in the giving of said instructions, and defendant appealed.

The instruction giving rise to the controversy is as follows: "The jury are instructed that plaintiff can not in this case recover any damages for the trees mentioned in evidence, if the trees were wholly or partially in the street, and were not at the curb line, but were so located as to obstruct the travel or use of the street unless they were removed."

In Walker v. City of Sedalia, 74 Mo. App. 70, it was held: "The destruction of shade trees along the sidewalk may be considered as an element of damages resulting to abutting property-owners from the change of grade of the street." See also, McAntire v. Joplin Telephone Co., 75 Mo. App. 535. The evidence in the former case disclosed that the trees in question stood between the curb and the sidewalk and in no way obstructed the public use. But here, it became necessary to remove the trees in order that the public use of the street be not obstructed and the case falls within the principle announced in Gamble v. Pettijohn, 116 Mo. 375; Smith on Munic. Corp., sec. 1311. It seems to be clear that a city has a right to remove shade trees or any other obstruction in order to put its streets in condition for the use of the public.

It follows therefore that it was not error to give said instruction, for which reason the cause is reversed with directions that the verdict of the jury be restored and judgment thereon entered for defendant. All concur.