L. W. SCOTT, Administrator, etc., Respondent, v.
CITY OF MARSHALL, Appellant.

**Kansas City Court of Appeals, February 6, 1905.**

**FOURTH CLASS CITIES: Ordinance: Sidewalk: Shade Trees.** A
city of the fourth class has power by ordinance to condemn a
sidewalk, and it is not liable in damages for the removal
thereof when so condemned, nor is it liable for the destruction
of shade trees in front of a lot which are an obstruction to
the proper and uniform construction of a sidewalk.

Appeal from Saline Circuit Court.—*Hon. Samuel
Davis*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. F. Barbee* and *Duggins & Rainey* for appellant.

(1)  The verdict was for the right party; and
though there may be some error in the instructions
given by the trial court the rights of the respondent
were not prejudiced. He failed to make out his case.
In no event can the city of Marshall be held in damages
upon the allegations of his petition and the evidence
offered to sustain them.  (2)  The power of the board
of aldermen of the defendant city to condemn old side-
walks and order new ones constructed is a legislative
power conferred by the statutes. R. S. 1899, secs.
5960, 5989 and 5991. It may be exercised from time
to time as the wants of the corporation may require;
and of the necessity and expediency of its exercise the
governing body of the corporation, and not the courts
is the judge. McCormack v. Patchen, 53 Mo. 36; Farrar
v. St. Louis, 80 Mo. 392; Skinker v. Heman, 148 Mo.
349, 64 Mo. App. 441.  (3)  A legislative act of the city
within its charter authority, cannot be reviewed except
for fraud, or unless it appear that it is a product of
whim or caprice and in violation of common right.

Skinker v. Heman, 148 Mo. 349; Marionville v. Henson, 65 Mo. App. 397. (4) The respondent is not entitled to damages for the destruction of his shade trees. Of his own volition he planted these trees in the street. He, at that time, had no property rights in the soil of the street, except such as were subject to all rightful and reasonable uses which might be imposed upon it by the city. Building Assn. v. Telephone Co., 88 Mo. 217; Ferrenback v. Turner, 86 Mo. 419; Mfg. Co. v. Railroad, 113 Mo. 317; Gamble v. Pettijohn, 116 Mo. 375; Williams v. St. Louis, 120 Mo. 403; Brown v. Carthage, 128 Mo. 14; Colston v. St. Joseph, — Mo. —.

*Robert M. Reynolds, W. G. Lynch* and *L. W. Scott* for respondents.

(1) Damages resulting to property-owners from the changing of grades of streets and the like and for cutting down and destroying trees in front of the property, are damages for the public use within the meaning of the Constitution. McAntire v. Telephone Co., 75 Mo. App. 540; Walker v. Sedalia, 74 Mo. App. 74; Cole v. St. Louis, 132 Mo. 640. The appellants in their brief, however, apparently undertake to pass by and ignore the errors committed against the respondent upon the trial of the cause, and on account of which the motion for a new trial was granted and invoke the doctrine that notwithstanding the errors committed upon the trial of the cause they were entitled to a judgment upon the verdict, and that therefore the new trial should not have been granted in any event, and in support of this contention say that respondent failed to make out a case. That under the allegations of his petition and the evidence offered to sustain them, the appellant city of Marshall can in no event be held in damages. (2) It is no answer to respondents' claim for appellant to say that it had the right to cut the trees and destroy the sidewalk. It is not the question primarily in this

case as to the appellant's rights to make improvements whenever deemed proper and necessary by it (even when proceeding strictly in the manner provided by law for the exercise of such power) but the question rather is as to the right of the respondent property-owner to damages for his property injured or taken for a public improvement, or as to the right of the appellant city to take or damage respondent's property for a public improvement without compensating him therefor. Sec. 21, art. 2, Constitution; Walker v. Sedalia, 74 Mo. App. 71; Rives v. Columbia, 80 Mo. App. 172; McAntire v. Telephone Co., 75 Mo. App. 540. (3) Appellants claim that because they have the right to build sidewalks, etc., that therefore they have the right without anything more to tear up sidewalks already down, but such is not the law. R. S. 1899, sec. 5991. (4) As to whether respondent had any property interests and rights in the trees, situated as the evidence shows they were, we submit that this court in two able, exhaustive opinions, in which all the points now urged by appellant were considered, has decided in favor of respondent's contention. Walker v. Sedalia, 74 Mo. App. 74; McAntire v. Telephone Co., 75 Mo. App. 540; Lockland v. Railroad, 31 Mo. 180; Bridge Co. v. Schanbacher, 57 Mo. 582; Gamble v. Pettijohn, 116 Mo. 375; Snoddy v. Bohn, 122 Mo. 488; Grant v. Moore, 128 Mo. 49; Thomas v. Hunt, 134 Mo. 399.

JOHNSON, J.—The plaintiff in 1879 became the owner in fee of lot 85 situate on the north side of East Arrow street in the defendant city, and in that year erected thereon a dwelling house and other improvements. In the same year that he acquired title to the lot he planted a row of maple and elm trees in front of it. These trees were about five feet from his lot line as he then understood its location; but about four and one-half feet from the line as located at the time of the doing of the work complained of. Later on he

laid down in front of his lot a brick pavement four feet seven inches wide along the sidewalk next his lot. The city had not at that time fixed the grade of the street. The pavement was laid down on the natural surface of the ground. In 1900 the defendant established the grade on Arrow street in front of plaintiff's lot which coincided very nearly with that of the natural surface of the ground along there. In the same year, the defendant—a city of the fourth class—passed an ordinance by which it condemned the sidewalk in front of plaintiff's lot and ordered the street commissioner to remove the same. It was ordered by the same ordinance that an artificial stone sidewalk be constructed and laid down (including grading) according to the plans and specifications on file with the city clerk. The specifications, which were part of the ordinance, required that all trees, stumps and roots for at least twelve inches below the grade of the sidewalk for the full width of the parkway be removed by the contractor. It was further therein required that the parkways should be graded to the full width thereof from the line of the curb to the line on either side, etc. It was further specified that the proportion of the parkway to be occupied by the sidewalk be excavated to a sub-grade twelve inches below the general grade of the parkway. All the evidence on the subject, including that of the plaintiff himself, is to the effect that the proposed sidewalk could not be made five feet in width without the removal of the shade trees. All of them would either stand within the line of the sidewalk or so close thereto that their growth would produce displacement of the walk or portions thereof. The contractor, in performing the contract took up and removed the old brick pavement, cut down the trees, made the excavation and constructed the kind of sidewalk required by the specifications.

The plaintiff brought this action to recover damages for the tearing up of his sidewalk and cutting down

his trees. In his petition he alleged that the defendant destroyed his trees without having found or declared that the same were an obstruction of the street or dangerous to the public use of such street, and caused his sidewalk to be torn up and removed without having found and condemned the same as defective. It was further alleged that the defendant did not take the steps required by law to assess the damages resulting to him from such change of grade and the destruction of his trees and sidewalk, etc.

The answer was a general denial. There was a trial and verdict for defendant which, on motion of plaintiff, was set aside; and from this order of court defendant appealed.

The defendant under its charter was authorized to open and improve streets and make sidewalks and establish grades for all improvements. [R. S., sec. 5979.] Its charter further conferred upon it the general power, when it deemed it necessary, to "otherwise improve any street within its limits." [Sec. 5899.] The power to provide for the removal of obstructions from its sidewalk was another conferred by its charter. [Sec. 5960.] And in addition to these, it was given the power by ordinance to condemn wooden and defective sidewalks. [Sec. 5991.]

Under the grant, "otherwise to improve any street," the defendant had power to pass the ordinance condemning and ordering the removal of the old brick sidewalk. The power exercised by the legislative department of the defendant in the passage of the ordinance was within the terms of the grant itself—section 5991—and not such as was merely incidental to its power as a city of the fourth class. With the exercise of such power the courts do not interfere. The old brick sidewalk was several inches above the established grade and was neither of the materials nor width of the new one ordered to be constructed. The ordinance in so far as it condemned and ordered the removal of

the old sidewalk and for replacing it with another to be constructed of artificial stone in conformity to the plans and specifications was an authorized exercise of the legislative power of the defendant. As the ordinance in this respect is not subject to interference by us, the sidewalk was, in legal contemplation, not different than if it had not been previously paved by plaintiff at all. The old pavement having been condemned by defendant no damage could result from its removal to make place for that ordered in its stead.

The ordinance is not as artistic and explicit as it might have been, still, we think it is sufficient to show the condemnation of the old sidewalk; and in view of the condition in which the evidence shows it to have been, we are not prepared to say that condition did not justify its condemnation; nor that the action of the city in removing it was an unreasonable and oppressive exercise of its discretionary powers.

So, too, with respect to the shade trees. There is enough in the record to show that their removal was ordered by the defendant not oppressively nor unreasonably but because if permitted to stand they would be an obstruction to the proper and uniform construction of the sidewalk. The evidence is all one way upon the fact that they were such obstruction. The plaintiff had no property-right in the trees which prevented the defendant from removing them when they interferred either with public travel or with the improvement of the street according to a general plan. [Colston v. St. Joseph, 80 S. W. 590; Gamble v. Pettijohn, 116 Mo. 375; Smith on Munic. Corp., sec. 1311.] In removing such obstructions defendant was acting strictly within the powers conferred upon it by charter. [R. S., sec. 5960.]

It is unnecessary to review the instructions. Under the views herein expressed, a peremptory instruction should have been given to find for defendant. The verdict was for the right party and the action of the trial

court in sustaining the motion for new trial is reversed and the cause remanded with directions to enter judgment for defendant. All concur.