## I. R. BROWN et al., Respondents, v. TOWN OF CAR-ROLLTON et al., Appellants.

### Kansas City Court of Appeals, January 14, 1907.

1. **Municipal Corporations: Nuisances: Encroachment on Highway.** The broad doctrine is that every actual encroachment upon a highway by the erection of fences or any other building thereon is a nuisance even though it does not operate as an actual obstruction upon the public rights and any structure erected without legislative sanction is a nuisance.

2. ————: ————: ————: **Limitation of Doctrine.** The broad statement of the doctrine, however, is limited by the abutting owner's rights in the street that are not enjoyed by the public at large such as the right to have in the sidewalk coal holes, cellar doors, basement stairs and awnings which do not inter-fere with the public use of the street.

3. ————: ————: **Carrollton: Power of Council.** The town of Carrollton has the power to prevent and remove nuisances but no power to define and declare what is a nuisance; it may therefore remove by summary proceedings nuisances *per se* but would have to abate by action at law awnings which be-came nuisances.

4. ————: ————: **Different Kinds: Common Law.** Nuisances are *per se*, that is naturally evil; *malum prohibitum*, forbidden by law; and those which do not fall within the above definitions, nuisances in fact. The power to declare a nuisance is vested in the Legislature except as fixed by the common law and this legislative power may be delegated to municipalities.

5. ————: ————: **General Rule: Missouri Doctrine.** It would seem that the Missouri doctrine is against the weight of au-thority, that is that the public is entitled to the full and free use of all the territory embraced within the highway its full length and breadth which is suggested to be a better doctrine than the Missouri doctrine.

Appeal from Carroll Circuit Court.—*Hon. John P. But-ler*, Judge.

AFFIRMED.

*Jones & Conkling, James F. Graham* and *Busby & Busby* for appellants.

Filed argument.

*Lozier, Morris & Atwood* for respondents.

Filed argument.

BROADDUS, P. J.—This is a proceeding by injunction to restrain the town of Carrollton from removing certain awnings over the street in front of the abutting property of plaintiffs.  The awnings were erected prior to the year 1896, and are constructed of wood with roofs covered with metal.  The height of these awnings above the street is about fifteen feet.  They are attached to substantial brick buildings and extend over the sidewalk for a distance of about ten feet, and are supported on the outer edge by posts resting upon the sidewalk or curbing.  In May, 1905, the council of the town of Carrollton adopted an ordinance declaring wooden awnings over certain public streets nuisances and ordering their removal.  In 1889, the council enacted an ordinance which prohibited and declared as a nuisance all awnings of the kind in controversy.  In 1896, an ordinance was passed by the council prohibiting the erection of awnings on the streets fronting the public square and further providing:  "Hereafter, no wooden awning, cover or shade shall be repaired or reconstructed, and whenever the same shall be condemned as a nuisance, or be in need of repair or reconstruction, the same shall be held as a nuisance."  Carrollton is governed by a special charter, with power "to prevent and remove nuisances."  The only witness in the trial was J. N. Tuley, who testified that the awnings were of a substantial character and did not in any way impede public travel.  The judgment of the court was in favor of plaintiffs and decreed that the temporary in-

junction theretofore issued be made perpetual, from which the defendants appealed.

As we view it, the only question in the case is, were the awnings nuisances *per se?* The affirmative rests with the defendants. If they were not such, the action of the town council was not a finality, and the judgment of the circuit court must be sustained if it is found to be supported by the evidence. If the awnings were a nuisance, they were an offense against the public at large, and the case falls within the law governing public nuisances. It is said that, "Every actual encroachment upon a highway by the erection of a fence or building thereon, or any other permanent or habitable obstruction, may fairly be said to be a nuisance, even though it does not operate as an actual obstruction upon a public right. . . . The public is entitled to the full and free use of all the territory embraced within a highway, in its full length and breadth." [Wood on Nuisances, p. 302, sec. 250; see also Tiedeman on Municipal Corporations, sec. 299; Elliott, Roads and Streets, sec. 645.] In the State of New York, it was held that, in the absence of legislative authority for its erection, an awning extending over a sidewalk was an obstruction under the common law. [Smith's Mod. Law of Mun. Corp., sec. 1313.] A structure erected upon a street, without the sanction of the Legislature, is a nuisance, and the local corporate authorities cannot give a valid permission to thus occupy streets without express power to this end conferred upon them by legislation. [2 Dillon on Mun. Corp., sec. 660; Tiedeman on Mun. Corp., sec. 300.] Any erection or obstruction placed without authority in any part of a street, which deprives the public of the use of any part thereof is a nuisance. [Railway Co. v. Chicago, 96 Ill. 620; Emerson v. Babcock, 66 Iowa. 257; Commonwealth v. Moorehead, 118 Pa. St. 344.] A permanent wooden awning covering the street was held to be a public nuisance which the public authorities had

the right to remove. [Hume v. Mayor, etc., of New York, 74 N. Y. 264.] And it is held that, "A city may without notice to an abutting landowner remove shade trees which have been growing on a sidewalk of a public street, if they constitute an obstruction to public travel; and whether or not such trees are an obstruction must be determined by the proper city authorities, and their determination cannot be reviewed by the courts, unless they have clearly abused their discretion." [Smith's Mod. Law Mun. Corp., sec. 1311; State v. Leaver, 62 Wis. 387; Chase v. The City of Oshkosh, 81 Wis. 313.] There are an almost innumerable number of other authorities to the same effect.

But a broad statement of the proposition that, any encroachment on a public street by an abutting owner is a nuisance, whether it interferes with its use by the public or not, must be accepted with some modification under the law in this State. Such abutting owner has certain rights in the street that are not enjoyed by the public at large. He is the owner of the fee to the middle of street, subject to the public easement for travel. "An abutting property-owner has the right to construct a vault and coal hole in the sidewalk in front of his premises, provided the sidewalk is left in such a condition as to be reasonably safe for ordinary travel, and the rights of the public left otherwise undisturbed, and he can exercise this right without any legislative permit from the municipality." [Gordon v. Peltzer, 56 Mo. App. 599.] And he is the owner of the shade trees in the street in front of his property. [Walker v. Sedalia, 74 Mo. App. 70; McAntire v. Telephone Co., 75 Mo. App. 535.] And the city's right to remove them without compensation depends upon the fact that they obstruct public travel. [Colston v. St. Joseph, 106 Mo. App. 714; Scott v. Marshall, 110 Mo. App. 178.] "Cellar doors when constructed in a sidewalk as passageways to cellars under the abutting property, are not nuisances *per se*,

if properly constructed, in good repair, and affording, when closed, a safe sidewalk for public use." [Fehlhauer v. City of St. Louis, 178 Mo. 635.] (See also City v. Miller, 78 Mo. App. 67; Kirkpatrick v. Knapp, 28 Mo. App. l. c. 431; Jegglin v. Roeder, 79 Mo. App. 428.) And the rule is similar in other States. A basement staircase opening in a sidewalk is not *per se* a nuisance. [Everett v. Marquette, 53 Mich. 450.]

Many other respectable authorities might be mentioned to the effect that an awning over a public street is not *per se* a nuisance. It is held also that a municipal council can institute proceedings for the abatement of a sidewalk opening as a public nuisance, but it cannot decide that it is so, as that is a question to be tried on a proper accusation in a court, the maintenance of a nuisance being a public offense." And: "The mere fact that the party makes use of some part of a public street for his private purposes does not make out the public offense." [Everett v. Marquette, supra.]

It has also been decided in this State in a well-considered opinion by Judge BIGGS, that under the general powers of a municipality, its decision as to what is a nuisance, is not conclusive unless it be such *per se;* and that an awning over a sidewalk is not such a nuisance. [Hisey v. The City of Mexico, 61 Mo. App. 248.]

The town of Carrollton under its charter has the power, "to prevent and remove nuisances," but it contains no provision authorizing its council to define and declare what is a nuisance. Under its provisions thus limited, it could remove by summary proceedings nuisances *per se*, as they existed at common law. As the awnings were not such, the council had no authority to prevent their erection by the passage of the ordinances in question. But, as awnings might be so constructed or maintained as to interfere with the public easement, by obstruction of passage over it by the public, or by their becoming a menace to the public safety, the town would.

have the right to have them abated. But this right could not be exercised summarily. It would be a question of law and fact whether the awnings were such as to constitute them, in law, a nuisance, and that would be for the courts to determine. The town council, being a legislative body, could not exercise the functions of a court. It is usual for the Legislatures to invest cities of large populations with the power to declare and prohibit nuisances, and under such circumstances a city would have the authority to declare that awnings were nuisances and to provide for their summary removal.

Nuisances are of three kinds, viz.: *per se, malum-in se,* that is naturally evil; *malum prohibitum,* because forbidden by law; and those which do not fall within the two definitions mentioned, but may be found in fact to be nuisances. The ones in controversy are to be classed with the last, and such are within the jurisdiction of the courts and not of the municipalities. In my opinion, the power to declare what it takes to constitute a nuisance is vested exclusively in the Legislature, except where it is such at common law. It is true this power may be delegated to a municipality, in which event it represents the State, and can enact laws in the form of ordinances to effectuate the purposes of the delegated authority.

We hope there is no impropriety in stating that, the greater weight of authority and reason is against the tendency of the decisions of this State on the question involved. We believe that the broad doctrine announced is the only correct one, viz.: "That the public is entitled to the full and free use of all the territory embraced within a highway, its full length and breadth." And that any infringement whatever on a public street, no difference how slight, ought to be forbidden in the interest of the public at large. It is common experience that a disposition has always existed on the part of some individuals in every community to encroach for selfish

purposes, and often with impunity, on the public highways. The law ought to forbid any encroachment whatever in that respect, whether it tended to interfere with the rights of the public or not, so that the question would not be an open one.

It is not necessary to decide the other question that the town of Carrollton by its ordinances of 1896 legalized the awnings in question, as the decision of the main issue is decisive of the case. Affirmed. All concur.