## DANIEL H. BRUSH

*v.*

## THE CITY OF CARBONDALE.

1.  INJUNCTION—*from tearing up sidewalk and replacing same by city.*  A bill to enjoin city authorities from tearing up a sidewalk in front of complainant's premises and replacing the same by a new one, on the ground that, with slight repairs, the old one would answer for several years, and the change would burden the citizens with heavy taxes and assessments, which fails to show whether the city is incorporated, and makes no reference to its charter, is clearly defective and obnoxious to a demurrer.

2.  CHANCERY JURISDICTION—*remedy at law.*  A court of equity will not restrain a city and its officers from performing an act which is illegal and unwarranted by law, on the ground that it will necessitate a levy of heavy taxes or special assessments, as the party complaining has an ample remedy at law.  In such a case, the tax or assessment will be illegal and void, and its payment can be resisted at law.

3.  MUNICIPAL CORPORATION—*when courts will interfere with the exercise of discretionary powers.*  A city incorporated under the general law has a large discretion as to the opening, grading and repairing of streets and sidewalks, in respect to the time, manner and cost of the same, in the

exercise of which its power will not be controlled by the courts, unless there is great abuse operating oppressively upon individuals.

4. Where persons or officers are acting within well recognized powers, or exercising a discretionary power, a court of equity has no jurisdiction to interfere, unless the power or discretion is being manifestly abused to the oppression of the citizen.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. D. H. BRUSH, *pro se.*

Mr. ANDREW D. DUFF, and Mr. DAVID A. NORMAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed his bill in chancery against the city to restrain its officers from tearing up a sidewalk and replacing it with another of different width. The bill alleges that complainant was the owner of the lot in front of which the walk had been laid; that when it was constructed he had paid half of its cost; that by being repaired, at an expense of about $1 per rod, it would last four or five years, and that the cost of constructing the new one would be from $4.50 to $5 per rod; that the present walk is sufficient to accommodate all who travel over it. He alleges that the city officers, without any legal authority, have ordered the street commissioner to tear up the present walk and to construct a new one; that the act is illegal, and without authority of law, and that such a change will burthen the citizens with heavy and oppressive taxes. It alleges that the city has no right to tear up sidewalks, without necessity, for the purpose of imposing burthens as taxes and assessments by constructing new walks in their stead.

To this bill defendant filed a demurrer, and, on a hearing thereon, it was sustained by the court and the bill dismissed, from which complainant appeals to this court, and asks a reversal.

The bill fails to state that the city is even incorporated, nor does it refer to its charter, even if it is so organized. On the contrary, the bill does aver that the contemplated acts are illegal and unwarranted; and if this allegation be true, then we can see no reason why the writ of injunction should be abused by restraining the city from the performance of the contemplated acts. If that allegation is true, then the remedy at law is ample and complete; and in such cases a court of equity will not take jurisdiction, unless it be under special circumstances, none of which appear in this case.

All that the allegations of the bill amount to, is, that the city and its street·commissioner are about to do an unlawful act, that will impose new burthens on appellant, or his property. If these acts are illegal and unwarranted, then any tax or assessment levied for its payment would be illegal and void, and the tax or assessment could not be enforced. The property owners could resist their payment at law.

Again, there is no allegation that the city, under its charter, has any right or authority to make an assessment on the property in front of which the walk is to be constructed, or that such levy is intended or will be imposed. The nearest approach to such an allegation is, that the construction of the sidewalk "is designed to be made a charge upon said property, in whole or in part, and thus impose heavy unnecessary burdens upon said property and upon said complainant." This allegation does not say that such burthens will be imposed or will necessarily follow such acts, but simply that such is the intention; and we have seen that if the other allegation is true, that the act would be illegal and unwarranted, then no legal tax or assessment could be imposed to pay for its construction.

If the city is incorporated, then the council probably have power to open, grade and repair the streets, and may, for aught we know, have ample discretionary power to do so, as to time, manner and cost; and if acting under the general

incorporation law, there is no lack of power.  It is given by the seventh clause of section 62; but we are uninformed whether this city is acting under the general law or a special charter.  If under the general law, then the power is general, and confers a large discretion in its exercise; and that power will not be controled by the courts, unless there is abuse operating oppressively upon individuals.

Again, the amount involved in this case is small, perhaps too small to confer jurisdiction on a court of equity.  From the allegations of the bill, it seems that it would cost about $10 to repair the present walk and about $45 to build the new one, thus leaving a difference in expenditure of $35. Then it alleges that these acts are designed to burthen complainant with unnecessary taxes.  This seems to be the burthen of the complaint, as it is repeated, in substance, several times in the bill.  Now, his portion of a general tax on all of the property in the city, to pay for this improvement, would probably not exceed a few cents, and it would be absurd to hold that equity would take jurisdiction of such trifles.

But, even suppose that the expense would be imposed on the adjacent property holders, according to the benefits derived, can we judicially know that anything would be assessed against appellant's property?  Or, if so, that it would be more than a mere nominal sum?  Appellant has not ventured even to aver that it would.

On the facts set out in the bill, we are unable to see any grounds shown for granting the relief sought, conceding them all to be true.  The remedy by injunction should not be extended in its operation to cases not falling within well recognized principles.  The tendency seems to be to greatly abuse it as a remedy, by applying for the writ in a great variety of cases where its use is prohibited by well recognized principles, and to attempt its use rather for the obstruction than the advancement of justice.

Where persons or officers are acting within well recognized powers, or exercising a discretionary power, a court of equity would be wholly unwarranted in interfering, unless the power or discretion was being manifestly abused to the oppression of the citizen; but if such wrong is being inflicted on appellant as he claims, then his remedy is complete at law, and he must be left to seek it in that forum.

The decree of the court below is affirmed.

*Decree affirmed.*