GAMBLE, *Appellant*, v. PETTIJHON, *et al.*

Division One, June 5, 1893.

City: PUBLIC STREET: COMMON LAW DEDICATION. The common law dedication to a city of a right of way for public use, confers not merely the right to pass over the servient land but it also includes the right on the part of the city to enter upon the land and to prepare it, and to keep it in a suitable condition, for the particular use to which it was dedicated.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*H. Lander* for appellant.

(1) The fundamental error committed by the trial court, as shown by the rulings in the admission of evidence, the giving and refusal of instructions and other rulings, consists in the failure to recognize the distinction between a common law and statutory dedication for street purposes, as regards the rights of the abutting owner. (2) Under our laws, the statutory dedication passes the fee to the dedicated ground, in trust for the uses named in the plat. General Statutes, 1865, p. 248, secs. 7, 8; 2 Stat. 1879, p. 1288, sec. 6573; 2 Dillon on Municipal corporation [3 Ed.], p. 625, sec. 628. (3) The common law dedication leaves the dedicator the owner of the fee, with all the rights of absolute owner, subject only to public easement, if any. Bishop's Non-Contract law, sec. 990, and notes cited; *Cole v. Drue*, 8 Am. Rep. 363; 2 Dillon on Municipal Corporation [3 Ed.], sec. 633; *Phifer v. Cox*, 8 Am. Rep. 58; Washburn on Easements [4 Ed.], 10. In this case, plaintiff owning the fee to the thirty-foot strip, had the legal right to prevent the defendants from plowing, ditching or guttering the ground; no ordinance passed authorizing such work, defendants were trespassers. *Roland v. Galliton*, 75 Mo. 134; *Thompson v. Boonville*, 61 Mo. 283; Bishop's Non-Contract Law, sec. 990, and notes; 2 Smith's Leading Cases, p. 213.

*C. A. Welsh* and *A. W. Mullins* for respondents.

(1) The acts of the plaintiff, his acceptance of the second deed from Clarke, his deed of trust to Clarke, his subsequent deeds to purchasers of lots, his removal of the fence from the street, building a sidewalk along the east side of the street, his recognition of "Clarke's Addition" as it appeared on the Edward's map, as well also his other acts in evidence, were sufficient to and

did constitute a dedication of the ground in question to the city of Brookfield for public use as a street. *Hannibal v. Draper*, 15 Mo. 624; 2 Dillon on Municipal Corporations [4 Ed.], secs. 627–632, 640; Bigelow on Estoppel [3 Ed.], pp. 555, 548, 549; Elliott on Roads and Streets, pp. 90–92; *Campbell v. City of Kansas*, 102 Mo. 326; *Morgan v. Railroad*, 96 U. S. 716; *Rowan's Ex'rs v. Portland*, 8 B. Mon. 237; *Price v. Town,* 92 Mo. 378; *Rose v. St. Charles*, 49 Mo. 509; 2 Washburn on Real Property [2 Ed.], top p. 456, margin p. 460; *Kaime v. Harty*, 73 Mo. 316; *Wiggins v. McCleary*, 49 N. Y. 346.   (2)  "A right of way is not simply the right to pass over the servient land, but it also includes the right to enter upon such land, put it in condition for the particular use and keep it so."  Bishop on Non-Contract Law, sec. 873; *Brown v. Stone*, 10 Gray. 60; Elliott on Roads and Streets, pp. 89, 90; *Barney v. Keokuk*, 94 U. S. 324.

BRACE, J.—This is an action for trespass to certain real estate, of which the plaintiff in his petition alleges he is the owner, situate in the city of Brookfield in Linn county, against the defendants, who are the mayor, aldermen and street commissioner of said city, who, he alleges, entered upon plaintiff's said ground, and without any authority and against his will tore up, plowed, ditched, guttered, dug up and subverted the soil thereof to his damage.

The substance of the answer is, that Brookfield at the time of the injuries complained of was a city of the fourth class; that the strip of ground thirty feet wide upon which the alleged trespasses were committed was a part of Mallory street in Clark's addition to said city; that plaintiff long before the grievance complained of had dedicated said strip of ground to public use as a part of said street and that the acts

complained of were done by the defendant Tooey, as street commissioner, in the discharge of his duties as such, in improving said street under the directions of the other defendants as mayor and aldermen of said city.

It was not alleged, and there was no evidence tending to prove, a statutory dedication. But the acts of the plaintiff alleged in the answer, and which were shown in evidence, tended to prove a common law dedication. That issue was fairly submitted to the jury upon instructions (which were excepted to), but in which, taken as a whole, we find no reversible error, and found for the defendants.

But the plaintiff insists that in the absence of any ordinance of said city authorizing the improvement of said street, the court committed error in admitting the evidence of a common law dedication, and in holding such dedication a justification of the acts of the commissioner; that such a dedication leaves the dedicator the owner of the fee subject to the public easement, and as to such owner in the absence of an ordinance authorizing the work done on the street the defendants were trespassers.

It may be conceded that the plaintiff is the owner in fee of the thirty feet between his property abutting on said street and the centre of said street, and as such owner is entitled "to get out of or take from the land whatever he can, so long as he does no injury to the way. He is entitled to the grass and all else that grows on it. The minerals under it are his, and he may work the mines, yet not to interfere with the public use. Any private person who takes away earth from the highway, or for his individual benefit occupies any part of it, or ploughs it or removes from it trees or herbage not amounting to a nuisance, or places anything upon it, or erects any structure overhanging it, commits a trespass" on his land.

Bishop on Non-Contract Law, sec. 990.   Yet it is to be remembered that the right of way which he dedicated to the public use "is not simply the right to.pass over the servient land, but it includes also the right to enter upon such land, put it in condition for the particular use, and keep it so."   *Ib.* 873.   And when nothing more has been done than in this case; where nothing was taken from the highway, where it was not in any manner occupied, disturbed or used for the private benefit of any person; where the original grade so far as the evidence shows was not altered, and whatever was done in and upon the way with the materials thereof was properly done that the way might be the better fitted for the public use for which it was dedicated and was done by officials charged generally with the duty of keeping the way fitted for that use.

It is impossible to see wherein the plaintiff has been damaged or upon what principle he ought to recover even nominal damages against these defendants —ordinance or no ordinance.   The judgment is for the right party and is affirmed.   All concur.