## HILDRUP v. TOWN OF WINDFALL CITY ET AL.

[No. 3,986.  Filed October 15, 1902.]

STREETS.—*Obstruction.—Trees.—Removal by City.—Injunction.*—A judgment for defendant in an action to enjoin a town from removing a shade tree from in front of plaintiff's property in improving the sidewalk will not be reversed, where the court found that the improvement was laid out upon and within the lines of the original street, and that the tree in question stood more than two feet within the sidewalk, and was an obstruction to the travel thereon, the evidence not being in the record.

From Tipton Circuit Court; *W. W. Mount,* Judge.

Action by Jefferson R. Hildrup against the town of Windfall City and others to enjoin defendants from removing a shade tree in front of his residence. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*A. C. Carver, E. A. Mock, F. A. Walker* and *F. P. Foster,* for appellant.

*W. O. Dean* and *Dan Waugh,* for appellees.

HENLEY, P. J.—This was an action against the appellees, the town of Windfall City and William Minnick, Samuel Gaddis and Samuel Dingle, contractors, to enjoin said contractors from removing a shade tree in front of appellant's residence and within the boundaries of the street which said contractors were improving under employment by said city. The complaint was in four paragraphs. The validity of the proceedings leading up to the order of improvement and contract is not attacked. The court made a special finding of facts, and stated conclusions of law thereon. The court's conclusions of law are made the basis of appellant's fourth specification of error, and this alleged error is the only one discussed by appellant's counsel.

The question, then, for this court to determine is, does the findings of fact sustain the theory of the second and third paragraphs of appellant's complaint? The first and fourth paragraphs of complaint were held insufficient by the trial court. The averments of the second paragraph of complaint are in substance that appellant is the owner of certain real estate fronting on the street which is to be improved, and that by reason thereof he owns the street to the middle line; that in front of his house is a large and beautiful shade tree, which is of inestimable value in protecting his house from the afternoon sun, and that the removal of this tree would be an irreparable damage to appellant; that the board of trustees of said town adopted a plan for the improvement of the street in front of appellant's property which did not follow the line of the original street as it had existed for many years prior to the establishing of the present improvement; that the plan so adopted departed from the east line of the original street more than two feet toward the east at the point where the shade tree in controversy is situate, thereby bringing the tree within the line of the street to be improved; that

if the line of the street as originally laid out had been followed the tree would have been left outside of the line of the proposed improvement. It is further alleged that the improvement could be made without the removal of the shade tree, and without injury to the sidewalk, and that the obstruction made by leaving the tree would leave sufficient room for the travel on the sidewalk. The prayer was that the appellees be perpetually enjoined from removing or in any way interfering with the tree in question. The third paragraph of complaint is substantially the same as the second paragraph. The further averments are that appellant was never given an opportunity to move the tree, and that, if given such an opportunity at the proper time of the year, the tree could be preserved; that the board of trustees of the town acted in bad faith in the location of the improvement, and is wantonly and unnecessarily trying to destroy the tree; that neither the contract for the improvement nor the specifications therefor provides for its removal.

Without encumbering the reports with a synopsis of the lengthy special finding of facts, we think it sufficient to say of it that two facts are clearly found which are fatal to appellant's cause of action: (1) It is found that the improvement was laid out upon and within the lines of the original street; (2) that the tree in question stood more than two feet within the sidewalk and was an obstruction to the travel thereon. The tree, as we gather from the special findings, is not "along the curb and between the roadway and sidewalk" (*City of Richmond* v. *Smith,* 148 Ind. 294), but is twenty-six inches within the sidewalk and is twenty-four inches in diameter. Appellant's neighbor would have as much right to maintain a stone post of equal size within the sidewalk, as appellant has to maintain the tree in question. The evidence is not before us, and the finding of the trial court that the tree was an obstruction to the free use of the street in conclusive. That

the common council of a city or a town board have the right to remove growing trees from a street in the improvement of a street, when the tree has become a nuisance therein, and its removal is necessary for the comfort and welfare of the public, can not be disputed. Neither can it be disputed that, if a growing tree is an obstruction to the free use of the street, it has become a nuisance and menace to the comfort and safety of the public. The streets of incorporated towns and cities belong to the public. From side to side and end to end they are for the public to use, and any permanent structure which encroaches upon a street that in any way impedes travel is a public nuisance which can, by the proper proceedings, be abated. See *State* v. *Berdetta,* 73 Ind. 185, 38 Am. Rep. 117 ; *Pettis* v. *Johnson,* 56 Ind. 139 ; Elliott on Roads & Sts., 478 ; *Town of Ladoga* v. *Linn,* 9 Ind. App. 15 ; *Chase* v. *City of Oshkosh,* 83 Wis. 313, 51 N. W. 560, 15 L. R. A. 553, 29 Am. St. 898 ; *City of Mt. Carmel* v. *Shaw,* 155 Ill. 37, 27 L. R. A. 580, 39 N. E. 584, 46 Am. St. 311.

The sidewalk for the use of pedestrians is a part of the public street. The proper authorities of incorporated towns and cities have complete control of the streets and their sidewalks for all lawful purposes. They can not lawfully permit the streets, or any part of them, to be permanently obstructed, or temporarily obstructed for an unreasonably long time. What amounts to an obstruction is a question of fact. In the case at bar the trial court has found that the tree in question is a permanent obstruction to the public use and travel of a part of the street, and that its roots will render the sidewalk uneven, dangerous, and unsafe for public travel. The authorities cited by counsel for appellant are not controlling because based upon dissimilar facts.

Judgment is affirmed.