BLANKE and another, Respondents, vs. VILLAGE OF GENOA
JUNCTION and others, Appellants.

*April 22—October 5, 1909.*

*Villages: Sidewalks: Ordinance fixing grades: Wrongful construction: Removal.*

1. A village ordinance permanently establishing the grades of streets at the centers and at the parkings at the curb lines, and providing that "said parking shall rise from such curb line to the lot line at a uniform grade of not less than one fourth of one inch to each foot," fixes the grades for the side-walks, superseding grades theretofore prescribed.

2. Where, with full knowledge of a change in the grade prescribed for a sidewalk and in defiance of a written notice and order from the village board, a lotowner constructs a walk in accordance with the former grade, the village officials have the right to order the removal of such walk and, in case of disobedience, to proceed to its demolition.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Reversed.*

Action to enjoin a destruction of or interference with a cement sidewalk constructed by plaintiffs in front of their business premises on Mill street in the village of *Genoa Junction.* The facts were stipulated, whereby it appeared that in 1903 a survey was made by one Child, giving grades for walks in the village, which was "accepted and adopted by the village board." August 16, 1904, Ordinance No. 21 was adopted "permanently establishing the grades and curb lines of certain streets and avenues," which prescribed the grades of the centers of said streets and established the grades of "the parking on said streets and avenues" in following words:

"The grade at the parkings at the curb line shall be the same as the established grade at the middle of the street or avenue opposite; and said parking shall rise from such curb line to the lot line at a uniform grade of not less than one fourth of one inch to each foot."

The grade of the parking under this ordinance in front of plaintiffs' premises was about nine inches lower than the grade specified at that place in the Child survey. In 1905 plaintiffs proceeded to build upon their premises a brick building for a retail store, which, owing to the defective drainage, was several feet above the natural surface of the ground and above the prescribed grade for the street. About September, 1906, the plaintiffs proceeded to construct a permanent cement walk in front of said store within the limits of the street substantially in accordance with the grade specified in the Child survey, which did not correspond with other walks in said block, being higher than some and lower than others, but considerably above the actual surface of the ground.

Upon commencement of the construction of said cement walk and about August 24, 1906, the village board notified in writing to the plaintiffs that their sidewalk was in defiance of Ordinance No. 21 and ordered them to lower the same in accordance therewith; and on October 15, 1906, the board passed a resolution requiring such conformity and directing the village board to rebuild it in case of noncompliance within twenty days, all of which was notified to the plaintiffs. Further notice was ordered to the same effect on October 25th and again on November 15th; the last in attempted compliance with ch. 115, Laws of 1905, after which, the plaintiffs not complying, the village officials proceeded to remove the old sidewalk for the purpose of rebuilding it in accordance with such resolutions, and the present action to enjoin them and the village was brought.

The court decided that the Child survey still remains effective to establish and prescribe the grades for sidewalks, and that, plaintiffs having erected a permanent sidewalk in accordance therewith, the same cannot be demolished by the village authorities, and entered judgment permanently enjoining them from destroying and removing or in any way

interfering with the sidewalk in its present condition until the street shall be graded; from which judgment all of the defendants appeal.

For the appellants there was a brief by *Geo. W. Taylor* and *John C. Slater,* and oral argument by *Mr. Taylor.*

For the respondents there was a brief by *Simmons, Nelson & Walker,* and oral argument by *John B. Simmons.*

The following opinion was filed May 11, 1909:

DODGE, J.   Without indicating concurrence in the view of the trial court that, even if the Child survey were unrepealed, a court of equity should restrain the government of a village from removing what it deemed an improper or dangerous structure within the limits of the street, we have been brought to disagreement as to the persistency of the grade for sidewalks prescribed by adoption of that survey in 1903.   After careful consideration we are unable to view Ordinance No. 21 otherwise than as a general designation of the grade of the streets therein named throughout their length and breadth.   The industrious provision for that portion of the street extending from the curb to the lot line seems to us wholly unambiguous.   It would be absurd to declare the grade of that portion of the street and still to leave the question of the elevation of sidewalks to the will or whim of each lotowner, each of whom might elevate far above or depress below the established grade.   The sidewalk, therefore, which is essentially a part of the street, might be filled with ups and downs, constituting pitfalls and traps for which the village must bear responsibility.   Such general purpose of the later enactment results in a repeal of any implied authority previously conferred by the village board to erect sidewalks pursuant to a different grade.   These plaintiffs, with full knowledge of the change thus made, with full notification from the village board that it had been enacted with the purpose of superseding the Child survey, and in violation of the

clearest prohibition, defiantly erected this wrongful structure within the limits of a public street. Under such circumstances we can recognize no right to persist in such a trespass simply because it had been accomplished. The right of the village government under such circumstances to order the removal of such an obstruction and, in case of disobedience, to proceed to its demolition, is essential to the performance of the duties imposed by law upon such government. Ch. 115, Laws of 1905; subd. 11, sec. 893, Stats. (1898); *McCullough v. Campbellsport*, 123 Wis. 334, 101 N. W. 709. It should not be interfered with by a court.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.

Upon a motion by the respondents for a rehearing there was a brief on their behalf by *Simmons & Walker*, and a brief on behalf of the appellants by *Geo. W. Taylor* and *John C. Slater*.

The motion was denied October 5, 1909.