Monroe Telephone Company, Appellant, vs. Ludlow and others, Respondents.

*October 7—October 26, 1909.*

*Telephone companies: Location of poles: Removal by city officers: Obstruction in streets.*

1. Where a telephone company, operating under a city ordinance requiring it to locate its poles as directed by the council, paid no attention to a resolution of the council, served upon the company, directing removal of a pole set without previous authority, it cannot complain because the mayor and other officers carried out the directions of the council and removed the pole.

[2. Whether the mayor and aldermen were justified in summarily removing the pole as an obstruction in the public streets under secs. 1326, 1347, Stats. (1898), not determined.]

APPEAL from a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

*J. L. Sherron,* for the appellant.

For the respondents there was a brief by *A. S. Douglas,* attorney, and *Aylward, Davies & Olbrich,* of counsel, and oral argument by *Mr. Douglas* and *Mr. M. B. Olbrich.*

WINSLOW, C. J.   This action was brought to recover damages for the wrongful removal of a telephone pole standing in the street in the city of Monroe, which is a city of the fourth class.   The action was tried before the court, trial by jury having been waived.   The plaintiff was operating its system in said city under an ordinance providing that the location and setting of all poles should be under the direction of the common council.   It set the pole in question, without previous authority from the council, in one of the streets of the city, near its intersection with an alley, and in the traveled track, so as to materially obstruct free access to and from the alley.   The city council by resolution directed the removal of the pole and served a copy of the resolution on the plaintiff company.   No attention was paid to the resolution, and about twenty days thereafter the defendant *Ludlow,* who is the mayor of the city, aided by the street committee of the council and an experienced lineman, removed the pole, being careful to do no unnecessary damage.

The facts stated show that there can be no recovery.   The company was required under the ordinance, which it had accepted and was acting under, to locate its poles as directed by the council.   When directed to remove the pole in question it was plainly its duty to do so, and it cannot complain because the mayor, who is the chief executive officer of the city and charged with the duty of enforcing the state laws and city ordinances (sec. 925—38, Stats. 1898), carried out the directions of the council.   This conclusion seems incontestable.

It may well be, also, that the mayor and aldermen were justified in removing such an obstruction in the public streets, summarily under the provisions of secs. 1326 and 1347, Stats. 1898 (*State v. Leaver,* 62 Wis. 387, 22 N. W. 576); but, as the other ground of defense is complete, it is unnecessary to decide this question.

*By the Court.*—Judgment affirmed.