[No. 9843. Department One. January 10, 1912.]

CHARLES T. ROBINSON *et al.*, *Appellants*, v. THE CITY OF SPOKANE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS — ABUTTING OWNERS — SHADE TREES. In improving a street, the city may revoke a license theretofore granted to abutting owners to plant shade trees in the street, and may destroy trees planted without liability therefor, where the action is not wanton or unreasonable.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered September 9, 1910, dismissing an action in tort, after a trial on the merits before the court without a jury. Affirmed.

rted in 120 Pac. 101.

*Walter B. Mitchell*, for appellants, contended, among other things, that the maintenance of shade trees in a street is a proper use of the street. *Donahue v. Keystone Gas Co.*, 181 N. Y. 313, 73 N. E. 1108, 106 Am. St. 549, 70 L. R. A. 761; *Frostburg v. Wineland*, 98 Md. 239, 56 Atl. 811, 103 Am. St. 399, 64 L. R. A. 627; *Brown v. Seattle*, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *State ex rel. Burrows v. Superior Court*, 48 Wash. 277, 93 Pac. 423, 125 Am. St. 927, 17 L. R. A. (N. S.) 1005; *Lund v. Idaho & Washington N. R.*, 50 Wash. 574, 97 Pac. 665, 126 Am. St. 916. The city could not arbitrarily deprive owners of their rights. *Seattle v. Columbia & Puget Sound R. Co.*, 6 Wash. 379, 33 Pac. 1048; *In re Frazee*, 63 Mich. 396, 30 N. W. 72, 6 Am. St. 310; *City of Grand Rapids v. Newton*, 111 Mich. 48, 69 N. W. 84, 66 Am. St. 387, 35 L. R. A. 226; *State ex rel. Burrows v. Superior Court, supra.* The determination to remove shade trees must be upon a fair and reasonable consideration, and if arbitrary or unreasonable, will be enjoined. *Frostburg v. Wineland, supra; Paola v. Wentz*, 79 Kan. 148, 98 Pac. 775, 131 Am. St. 290; *Kemp v. Des Moines*, 125 Iowa 640, 101 N. W. 474; *Crismon v. Deck*, 84 Iowa 344, 51 N. W. 55; *Stretch v. Village of Cassopolis*, 125 Mich. 167, 84 N. W. 51, 84 Am. St. 567, 51 L. R. A. 345.

*A. M. Craven* and *V. T. Tustin*, for respondent.

MOUNT, J.—The plaintiffs brought this action to recover damages from the defendant on account of the alleged wrongful destruction of certain shade trees, in the street in front of their property. The city denied liability, and alleged that it had regularly undertaken to improve the public street, and that, in order to conform to the plans and specifications adopted by the city in its legislative capacity, it became necessary to remove the trees, and the same had been don

by order of the board of public works. The case was tried to the court without a jury. At the close of the defendant's evidence, the court dismissed the action. Plaintiffs have appealed.

It appears that the city had by ordinance permitted the use of the street in question, and other streets, for the purpose of planting shade trees thereon. The grantors of the plaintiffs had availed themselves of this privilege, and had planted the trees in question in front of their property. After plaintiffs acquired the property, they cared for the trees, which grew to be large shade trees. These trees stood in the street about ten feet from the property line. The street was an unimproved street. In the year 1909, the city passed an ordinance directing the improvement of the street according to certain plans and specifications. When the improvements were being made, it was found that the trees stood within the sidewalk area, and they were destroyed by order of the board of public works.

Appellants' position seems to be that they have a property right in the trees by reason of their ownership of the abutting property, and that the city may not destroy the trees unless they constitute a nuisance in the street. It is no doubt true, as argued by the appellants, that the owner of property abutting upon the street has a property right to light, air, and access to his property from the street, but it does not follow that such owner has the right to maintain shade trees or any other permanent obstruction in the street. The statute declares that all streets shall be highways, and under the control of the corporate authorities of the respective cities. Rem. & Bal. Code, § 7837. Among the powers granted to cities of the first class, is the power to open, alter, widen, grade, and otherwise improve streets, "and to regulate and control the use thereof and to vacate the same." Rem. & Bal. Code, § 7507. The charter of the city of Spokane provides:

"The city of Spokane shall have the sole and exclusive

control of all streets, highways, alleys and grounds within its limits dedicated to the public use. The fee of all property dedicated to the public use shall vest in the city of Spokane." Spokane Charter, § 75.

It seems clear, therefore, that whatever right the city may have heretofore granted to abutting owners to plant trees in the street, such right was a mere permissive right or license which might be revoked at any time, and no vested rights could arise therefrom. The city in its legislative capacity might exercise this power to revoke the license and cause the removal of any obstruction in the street without liability. In the note to *Rosenthal v. Goldsboro*, 149 N. C. 128, 62 S. E. 905, 20 L. R. A. (N. S.) 809, reported in 16 Am. & Eng. Ann. Cases, at page 642, it is said:

"The recent decisions are practically unanimous in holding that where, in undertaking a public improvement or for the purpose of abating a nuisance, it becomes necessary to remove shade trees from a city's streets or sidewalks, the municipal authorities are vested with the power to direct the removal of such trees, notwithstanding the objection of an abutting owner whose interests may suffer thereby. *Mt. Carmel v. Shaw*, 155 Ill. 37, 39 N. E. 584, 27 L. R. A. 580, 46 Am. St. Rep. 311; *Hildrup v. Windfall City*, 29 Ind. App. 594, 64 N. E. 942; *Gallaher v. Jefferson*, 125 Ia. 324, 101 N. W. 124; *Kemp v. Des Moines*, 125 Ia. 644, 101 N. W. 474; *Landry v. Lake Charles*, (La.) 51 So. 120; *Colston v. St. Joseph*, 106 Mo. App. 714, 80 S. W. 500; *Morris v. Salt Lake City* (Utah), 101 Pac. 373. See also *Gamble v. Pettijohn*, 116 Mo. 375, 22 S. W. 783. Where it appears that the city's action is not wanton or unreasonable, and that the trees stand in the way of the completed improvement or interfere with the use of the street, the abutting owner cannot prevent their removal."

We think this is the correct rule. In this case it is conceded that the city was undertaking a public improvement, and that the trees were within the sidewalk area, and there is no showing that the action of the city was wanton or un-

reasonable.    The plaintiffs were therefore not entitled to recover.

The judgment is affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.