Argued December 23, 1913, decided January 6, rehearing denied January 27, 1914.

## HUNTER *v.* CLARK & HENERY CONST. CO.*

(137 Pac. 743.)

**Municipal Corporations—Streets—Removal of Obstructions.**

1. A city improving a street has the right to summarily remove as obstructions constituting *per se* a public nuisance a storehouse located thereon and an oil tank imbedded under its surface.

[As to power of a municipality to determine what is a nuisance and remove it, see notes in 27 Am. Dec. 98; 120 Am. Rep. 372.]

**Municipal Corporations—Intervention—Nature of Right.**

2. Under Section 41, L. O. L., authorizing the court to bring in new parties when their presence is necessary to a complete determination of the controversy, where suit is brought against a municipal contractor to enjoin a trespass on plaintiff's land, the city is properly allowed to intervene to assert its right to the land as a street and to defend the acts of the contractor and city officers in removing obstructions therefrom.

From Douglas: JAMES W. HAMILTON, Judge.

This is a suit by John Hunter against the Clark & Henery Construction Company, a corporation, Edward Fitzgerald and J. W. House, and the City of Roseburg, a municipal corporation. The facts are fully set forth in the opinion of the court.

                    AFFIRMED: REHEARING DENIED.

———

*On the question of the power of a municipality as to obstructions of, and encroachments on, streets, generally, see note in 39 L. R. A. 650.
                                        REPORTER.

For appellant there was a brief and an oral argument by *Mr. Benjamin L. Eddy.*

For respondents, Clark & Henery Construction Company, Edward Fitzgerald and J. W. House, there was a brief and an oral argument by *Mr. A. N. Orcutt.*

For respondent, the City of Roseburg, there was a brief over the names of *Mr. Carl F. Wimberly* and *Mr. E. B. Herman,* with an oral argument by *Mr. Wimberly.*

Department 2.   MR. JUSTICE McNARY delivered the opinion of the court.

This is a suit to enjoin a trespass upon real property.   On the 7th day of August, 1912, plaintiff filed in the Circuit Court of Douglas County a complaint which, after reciting the incorporation of the Clark & Henery Construction Company, averred: That plaintiff is the owner in fee simple and in possession of a tract of land in Railroad Addition to the City of Roseburg; that for many years he had maintained upon the premises a storehouse of the value of $100, and had embedded in the soil an oil tank of the value of $500; that defendants, without the consent of plaintiff and against his will, forcibly entered upon the premises, tore down and carried away the storehouse, and threatened to remove the cement oil tank and to plow and remove a large part of the soil from the premises, and to occupy the property in such a manner as permanently to exclude plaintiff from the use and enjoyment of the same.   The pleading ends by a demand for $100 damages and a prayer for a decree perpetually restraining defendants from molesting the premises.   The Clark & Henery Construction Company appeared by answer, and, after admitting its incorporation and that the defendants Edward Fitz-

gerald and J. W. House were its employees, denied generally the declarations in the complaint, and set forth as a separate defense each step in the proceedings taken by the common council, with respect to the pavement of Sheridan Street and the letting of the contract to the construction company, which, pursuant to the contract, entered upon the street and proceeded to clear it of obstructions and to improve the street agreeably to the provisions of the contract had with the city. Lastly, it is alleged that "the real property described in plaintiff's complaint is included within the limits of said Sheridan Street." Plaintiff questioned the sufficiency of the answer by a demurrer which was by the court overruled. Following, the City of Roseburg made application to intervene and tendered therewith an answer in which it alleged that the premises claimed by plaintiff was formerly the property of Aaron Rose, who platted Railroad Addition to Roseburg and dedicated Sheridan Street, which thoroughfare included the land in controversy. In addition to alleging fully the proceedings taken by the council concerning the paving of the street and the letting of the contract therefor, the answer recites that "on the 5th day of January, 1911, the marshal of the City of Roseburg for and on behalf of said city duly served written notice upon plaintiff to remove from Sheridan Street the storehouse and oil tank described in plaintiff's complaint which were maintained thereon by plaintiff, but that plaintiff refused and neglected so to do." As a concluding statement, it is alleged that, pursuant to the contract and under the direction of the city engineer and street committee of the common council of the city, the construction company and its employees entered upon the street and proceeded to clear all obstructions therefrom and improve the street as provided by the contract.

Plaintiff demurred to the application of the city to intervene and to the accompanying answer, which demurrers were overruled, and the city granted permission to intervene. Plaintiff refusing to plead further, the court entered a decree dismissing the suit, whereupon this appeal was taken.

From the perspective of the counsel for plaintiff, the overtowering question is whether a municipal corporation claiming part of a street in the possession of another who claims to own the land in fee simple, can settle the controversy by simply letting a contract to pave the street and thus indirectly authorize forcible entry upon the land, and destruction of buildings, as alleged obstructions to the street.

1. The position taken by counsel does not accurately represent the situation as revealed by the record, as no thought on this appeal can be given to the claim that plaintiff has a right of property to the land in dispute, for by his demurrer plaintiff admits that the premises are an integral part of Sheridan Street; that the buildings thereon and the tank embedded therein are obstructions to the street; that the thoroughfare was being improved conformably to the charter proceedings applicable thereto; that the Clark & Henery Construction Company had the contract for the improvement; and that the marshal of the city, pursuant to authoritative direction, seasonably notified plaintiff to remove the obstructions from the street; and that plaintiff refused so to do.

Under this state of the record, did the defendants arbitrarily invade any right guaranteed by law to plaintiff? We think not. Having confessed, for the purposes of this appeal, that he is maintaining obstructions in a city street, plaintiff is not in a position to dictate the method by which these obstructions

should be removed. As a governmental agency, the municipality has undoubted rights, through its common council, to remove summarily any permanent obstructions that may be placed in the street, as such obstructions constitute *per se* a public nuisance: *Savage* v. *City of Salem,* 23 Or. 381 (31 Pac. 832, 37 Am. St. Rep. 688, 24 L. R. A. 787); *Chase* v. *Oshkosh,* 81 Wis. 313 (51 N. W. 560, 29 Am. St. Rep. 898, 15 L. R. A. 553); *Robins* v. *McGehee,* 127 Ga. 431 (56 S. E. 461).

After a careful consideration of the allegations contained in the answers to plaintiff's complaint, we are forced to conclude that the authorities of the City of Roseburg were justified in abating an admitted nuisance in the manner outlined in the pleadings, as it is not only the right, but the duty of the officers of a municipality to remove all unauthorized obstructions from its thoroughfares.

2. The other question presented involves the right of the defendant the City of Roseburg to intervene. Section 41, L. O. L., reads: ''The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in.'' This case primarily and finally concerned the City of Roseburg, and it was eminently proper for the City of Roseburg to intervene and for the lower court to grant permission therefor. The suit, when instituted, omitted the city as a party defendant, and for that reason a complete determination of the controversy could not be had, as the construction company was acting under the advice of and pursuant to the voice of the city.

There was no error in overruling the demurrer, and the order therefore must be affirmed.     AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.

---

Argued January 8, decided January 13, rehearing denied January 27, 1914.