## REINHARDT MUELLER v. CITY OF DULUTH.[1]

May 12, 1922.

No. 22,749.

**Injunction against removal of sidewalk obstructions refused.**

1. The city charter and ordinances of the city of Duluth make it unlawful for any person to place obstructions upon its sidewalks which interfere with public travel. *Held* that the municipal authorities may summarily cause such an obstruction to be removed and that an application for a temporary injunction restraining them from so doing was properly refused.

**No abandonment of right of removal.**

2. The fact that the city has permitted similar obstructions to remain in the street for a considerable time, does not operate as an

[1]Reported in 188 N. W. 205.

abandonment of the right of the public to its removal if it is an obstruction.

**Standing clock on sidewalk not a mere encroachment.**

   3. Such an obstacle on the sidewalk, which obstructs travel thereon, cannot be regarded as a mere encroachment, so as to make its removal unlawful except upon the decree of a court of equity.

Action in the district court for St. Louis county to restrain defendant from removing or interfering with a certain street clock. From an order, Magney, J., denying his motion for a temporary injunction and discharging the order to show cause and restraining order, plaintiff appealed. Affirmed.

   *W. H. Gurnee*, for appellant.

   *John B. Richards* and *Bert W. Forbes*, for respondent.

QUINN, J.

Action brought to restrain the defendant, its officers and employes, from removing or interfering with a certain clock and the standard upon which it is erected, located upon a public sidewalk in the city of Duluth. A hearing was had upon the return of an order to show cause, based upon the pleadings and affidavits filed by the litigants. From an order denying plaintiff's application for a temporary injunction this appeal was taken.

It appears that the plaintiff is a jeweler and watchmaker by trade, with his place of business at No. 2007 West Superior street in the city of Duluth. He occupies the premises under a lease which does not terminate until February, 1924. Prior to the erection of the standard referred to plaintiff made an application to the city authorities for a permit to erect the same at the place in question, which permission was refused. Thereafter in 1921 plaintiff procured a clock, the face of which was two feet six inches in diameter, and placed it upon an iron standard 21 inches square at the base and 14 feet high, with electric lights thereon, as an advertisement of his business. This standard was fastened securely in the sidewalk near the curb where pedestrians, as stated by appellant, can-

not walk on account of other poles, street lamps, standards, etc., so erected along the curb. It appears that for a long time the city has permitted obstructions such as barber poles, illuminated signs and divers kinds of advertisements, to remain upon the sidewalk on this street, but more recently has announced its policy of clearing the walks upon its streets of all impediments and pursuant thereto has refused to grant any permits allowing obstacles to be placed thereon. Plaintiff contends that defendant threatens to summarily tear down and remove the clock and standard, and that, feeling aggrieved thereby, he brought this action to restrain it from so doing, and prays that the defendant bring an action in equity to determine whether this clock is a nuisance and should be abated.

The city charter of the city of Duluth authorizes the common council to regulate and prevent the use of its streets, sidewalks and public grounds for signs, sign posts, awnings, etc., and to remove and abate all nuisances, obstructions and encroachments thereon. In addition to the charter there is an ordinance to prevent the obstruction and encumbrance of the street, avenues and alleys of the city. After the refusal of his application for a permit appellant placed the clock upon the walk as stated. The council then passed a resolution directing the removal of the same, in the way of carrying out its policy as adopted. It had refused to grant permits for like purposes to others. It was within the scope of its authority and duties to act in the premises. Fox v. City of Winona, 23 Minn. 10; Bohen v. City of Waseca, 32 Minn. 176, 19 N. W. 730, 50 Am. Rep. 564; Abbott, Mun. Corp. §§ 833, 879, 880; see note 26 L. R. A. 340; Chase v. Oshkosh, 81 Wis. 313, 51 N. W. 560, L. R. A. 533, 29 Am. St. 898. It is the duty of the respondent to use reasonable diligence to keep its streets and sidewalks in safe condition and free from obstructions. Bohen v. City of Waseca, supra; Young v. Village of Waterville, 39 Minn. 196, 39 N. W. 97; 5 Thompson, Neg. 607, 634, 635; Shearman & Red. Neg. (5th ed.) p. 526; Cooley, Torts (3d ed.) 1317; 20 L. R. A. (N. S.) 644, 645.

The standard was 21 inches square at the base, of cast iron, with square corners, fastened securely within the limits of the walk. Whether or not it constituted an obstruction to public travel was

for the city authorities to determine. The fact that the city has allowed similar obstructions to remain in the streets will not operate as a defense, nor as an abandonment of the right of the public to the removal of such an obstruction, no matter by whom it may have been erected.

Such an obstruction cannot be regarded as an encroachment so as to make the removal unlawful, except by a decree of a court of equity. It is the duty of the city to keep its streets and sidewalks reasonably clear of obstructions for the use of persons traveling thereon, and there can be no doubt but that the city would be liable in damages to any person traveling over the walk, in the night time, who, without fault on his part, was injured by running or falling against this obstruction, situated as it is within the limits of the walk. Nor is there any doubt but that the city has the right to treat it as a nuisance and to summarily abate the same. There was no abuse of discretion on the part of the trial court in refusing the injunction asked for.

Affirmed.