ANGER and others, Respondents, vs. AL. G. BARNES AMUSEMENT COMPANY, Appellant.

*February 14—March 11, 1924.*

*Highways: Obstructions: Clock projecting into street: Long-time user: Injury by wagon.*

1. A clock on a six-foot pillar at the edge of the sidewalk before a jeweler's shop projecting about one foot into the street is an obstruction, and a circus wagon lawfully on the highway had a superior right thereon to the owners of the clock, so that in the absence of wanton or intentional injury to the clock the owners had no cause of action because of negligence of the driver of the wagon which caused the destruction of the clock. p. 274.

.2. No mere length of time of user, in the absence of a statute so
providing, can make, as against the public,. such an obstruction
a lawful structure, notwithstanding sec. 66.05, Stats., under
which the municipal authorities might have caused its removal.
p. 275.

3. There was a plain causal connection between the unlawful posi-
tion of the clock and the resulting injury.   p. 275.

APPEAL from a judgment of the circuit court for Fond
du Lac county: CHESTER A. FOWLER, Circuit Judge.  *Re-
versed.*

Some fourteen years prior to July 26, 1921, plaintiffs
erected and thereafter maintained at the outer edge of the
sidewalk in front of their jewelry store on the west side of
Main street in Oshkosh, Wisconsin, a clock on a pillar six
to eight feet high.  The dial was five feet in diameter and
projected about one foot into the space above the street.  No
permit from the common council had ever been granted for
maintaining it, nor proceedings ever taken to have the same
removed.

The defendant, a Colorado corporation, conducted a cir-
cus.

On the above date one of defendant's wagons with a load
of planks and drawn by a six-horse team was being driven
south down the slope on Main street about four or five feet
from the west curb.  The wagon was going at a moderate
rate with tugs and reins slack.  A tractor belonging to a
rival circus followed this wagon and the noise it made star-
tled one of defendant's lead pair of horses, forcing some of
the horses onto the sidewalk, thereby bringing the wagon
close to the curbing.  As the wagon passed, its upper corner
struck the projecting face of the clock and tore it down and
destroyed it.

A jury trial was waived and the court ordered judgment
for the plaintiffs for the value of the clock upon findings to
the effect that plaintiffs were not guilty of contributory neg-
ligence in maintaining the clock as they did; that defend-

ant's driver did not exercise care; and that such was the proximate cause of the destruction of the clock; that the driver of the tractor also failed to use ordinary care and also proximately contributed to the injury.

From the judgment defendant has appealed.

For the appellant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the respondents there was a brief by *Morse & Fellenz* of Fond du Lac, and oral argument by *L. J. Fellenz.*

ESCHWEILER, J.    Defendant's wagon lawfully on the highway had a right to an unobstructed use on and up from its surface paramount and superior to any right that could be asserted by plaintiffs to maintain the clock. 29 Corp. Jur. 545; 13 Ruling Case Law, 251.

This clock dial, projecting as it did into the public highway beyond the perpendicular over the curbing, was clearly an obstruction.    Such was the holding as to fences, *Collins v. State,* 162 Wis. 349, 156 N. W. 133; *Jennings v. Johonnott,* 149 Wis. 660, 135 N. W. 170; a telephone pole, *Monroe Tel. Co. v. Ludlow,* 140 Wis. 510, 122 N. W. 1030; a post set three feet from the traveled track, *Neale v. State,* 138 Wis. 484, 488, 120 N. W. 345; a sidewalk at a known unlawful grade, *Blanke v. Genoa Junction,* 140 Wis. 211, 214, 121 N. W. 132; a barn, *State v. Leaver,* 62 Wis. 387, 393, 22 N. W. 576; shade trees, *Chase v. Oshkosh,* 81 Wis. 313, 51 N. W. 560; a clock such as here, *Mueller v. Duluth,* 152 Minn. 159, 188 N. W. 205; a guy rope, *Rockport v. Rockport G. Co.* 177 Mass. 246, 58 N. E. 1017, 51 L. R. A. 779.    See the same rule as to awnings, bill-boards, and other structures in cases quoted in 13 Ruling Case Law, 186, 191, 197, and 29 Corp. Jur. 616.

There being no wanton or intentional injury of plaintiffs' clock, there is shown here no breach by defendant of any duty or obligation placed by law upon its driver in the exercise of the unquestionable right to use the public highway

in the manner and to the extent that he was doing, and therefore there can be no cause of action in plaintiffs' favor.

Plaintiffs assert that since by ch. 382 of the Laws of 1913, creating sec. 959—35w (now appearing rewritten as sub. (1) (a), sec. 66.05, Stats.), authority is given to municipalities to grant privileges to erect and maintain that which would otherwise be an obstruction in the public highway, coupled with power to subsequently cause its removal, and that inasmuch as the public authorities have for a long time acquiesced in the maintenance of the clock, the plaintiffs have now established a right to keep the same. This statute, however, also provides a penalty for any one causing an obstruction contrary to its provisions.

No mere length of time of user, however, in absence of a statute so providing, can make, as against the public, such an obstruction a lawful structure. *Meiners v. Frederick Miller B. Co.* 78 Wis. 364, 366, 47 N. W. 430; 29 Corp. Jur. 623; 20 Ruling Case Law, 498; *Mueller v. Duluth, supra.*

The plaintiffs not asserting any permission by the common council under such statute, it is not necessary to determine how far such a privilege, if granted, could make such structure a lawful one. See *Tilly v. Mitchell & Lewis Co.* 121 Wis. 1, 13, 98 N. W. 969.

There is a plain causal connection between the position in which the dial of the clock was maintained over the public highway and the injury resulting to it by reason of defendant's use of the highway and there is no force in plaintiffs' contention to the contrary.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.